**Paul C. ROUSELL, et al., Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

**No. C–3–87–373.**

United States District Court, S.D. Ohio, W.D.

Sept. 14, 1988.

Michael F. Lyon, Kevin L. Swick, Cincinnati, Ohio, for plaintiffs.

Jan Holtzman, Asst. U.S. Atty., Dayton, Ohio, for defendant.

DECISION AND ENTRY SUSTAINING MOTION OF DEFENDANT SEEKING ORDER OF COURT DISMISSING CAPTIONED CAUSE FOR LACK OF SUBJECT MATTER JURISDICTION (DOC. #7); CASE DISMISSED, WITH PREJUDICE TO A NEW ACTION; TERMINATION ENTRY

RICE, District Judge.

Based upon the reasoning and the citations of authority set forth in the memoranda of the Defendant, filed in support of its Motion, seeking an Order of the Court dismissing the captioned cause due to the Court's alleged lack of subject matter jurisdiction, said motion filed pursuant to Fed. R.Civ.P. 12(b)(1) (Doc. #7), the aforesaid motion is deemed by this Court to be well taken and same is, therefore, sustained in its entirety. The captioned cause is ordered dismissed, with prejudice to a new action, based upon this Court's lack of subject matter jurisdiction.

In ruling as aforesaid, this Court makes the following, nonexclusive, observations:

1. The facts of this case, tragic though they might be, can be stated quite briefly, to wit: on December 31, 1984, Plaintiff, Paul Rousell, while on active duty in West Germany, slipped and fell during a snowball fight, striking his head against the sidewalk. As a result of this fall, he was rendered a quadriplegic. On January 6, 1985, while being transported back to the United States via an Air Force aircraft and confined to a respirator, alleged acts of negligence were committed by employees of the Defendant, as a result of which the respirator was allowed to malfunction. The Plaintiff was found comatose. Paul Rousell was subsequently medically separated from the United States Army and awarded 100 percent disability benefits for his injury.

2. The above facts bring into consideration the well established, albeit much criticized, Supreme Court decision in *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), which, broadly speaking, precludes recovery under the Federal Tort Claims Act for injuries sustained by military personnel that arise from activity "incident to service."

3. While much maligned, the *Feres* doctrine has never been legislatively amended by the United States Congress. For that matter, said doctrine has been consistently expanded by the United States Supreme Court. In its most recent pronouncement on the issue, the Sixth Circuit Court of Appeals in *Major v. United States*, 835 F.2d 641 (6th Cir.1987) opined as follows:

> Review of these Supreme Court precedents [a thorough review of *Feres* and its progeny] makes it clear that in recent years, the Court [the Supreme Court of the United States] has embarked on a course dedicated to broadening the *Feres* doctrine to encompass, at a minimum, *all* injuries suffered by military personnel that are even remotely related to the individual's *status* as a member of the military, without regard to the location of the event, the status (military or civilian) of the tortfeasor, or any nexus between the injury producing event and the essential defense/combat purpose of the military activity from which it arose.

(Emphasis added).

4. The *Feres* court, and the progeny resulting from the *Feres* decision, automatically equated events occurring while an employee was on "active duty" with those "incident to the service", thereby effectively barring all claims for injuries taking place while one is on active duty. In short, the courts have eschewed any attempt to engage in an individualized interpretation of what constitutes an "injury incident to service." The Supreme Court has had many opportunities to reassess its position and has foregone the opportunity to engage in a case by case interpretation of what constituted an "injury incident to service" in a particular case, in favor of the

**1280**

relatively bright-line "incident to service" test of *Feres*.

5. While it may appear upon the surface to be relatively attenuated to argue that no military decision making process would be implicated by allowing this Court to exercise subject matter jurisdiction over this litigation, relevant authority has clearly set forth the fact that the mere examination as to which employee of the government, if any, negligently failed to monitor the respirator which allegedly caused the tragic injuries to the Plaintiff would itself require judicial inquiry into, and hence intrusion upon, military matters. In short, a trial would raise the prospect of compelled discovery and trial testimony by military officers concerning the details of their command over the medical and/or non-medical personnel who were charged with monitoring the use of the respirator in question and, consequently, the comfort and health of the injured Plaintiff. As stated by Justice Scallia in *United States v. Stanley*, 483 U.S. 669, 107 S.Ct. 3054, at 3063, 97 L.Ed.2d 550, "the mere process of arriving at correct conclusions would disrupt the military regime."

WHEREFORE, based upon the aforesaid, this Court sustains the Motion of the Defendant, seeking an Order of the Court dismissing the captioned cause for reason of its lack of subject matter jurisdiction. The captioned cause is ordered dismissed, with prejudice to a new action.[1]

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

---

1. The letter of denial of the administrative claim mentioned that the Federal Tort Claims Act has no extra-territorial effect, consequently the Plaintiffs were required to rely upon the Military Claims Act which provides only an administrative procedure (as opposed to a judicial procedure). The *Feres* doctrine would apply to the Military Claims Act as well as to the Federal Tort Claims Act. In addition, even assuming the Military Claims Act applied in this case, this Court would have no subject matter jurisdiction over claims under said act, absent a sufficiently pleaded allegation (not herein present) that a cognizable constitutional right had been violated. *Labash v. United States Dept. of Army*, 668 F.2d 1153 (10th Cir.1982).